# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:06-CR-0199-02 |
| --- | --- | --- |
| v. | : | (Judge Conner) |
| GABRIEL RIVERA-GIL | : | |

FILED
HARRISBURG, PA
JUN 2 2009
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## MEMORANDUM OF CRIMINAL CONTEMPT

On June 22, 2009, the undersigned held the above-captioned defendant, who is currently in custody awaiting sentencing on drug-trafficking charges, in criminal contempt of court for refusing to offer testimony in a criminal case despite a grant of immunity. See FED. R. CRIM. P. 42(b); United States v. Wilson, 421 U.S. 309, 314, 315 & n.6 (1975); United States v. North, 621 F.2d 1255, 1260-61 (3d Cir. 1980).

## FINDINGS OF FACT

1. The criminal trial of Jaime Cardenas-Borbon, Antonio Avila, Fernando Beltran, and Rogelio Lopez commenced on June 8, 2009.

2. The trial remains ongoing as of the date of this order.

3. On Friday, June 12, 2008, the government called Gabriel Rivera-Gil to testify regarding his participation in the drug-trafficking conspiracy charged in Count 1 of the Third Superceding Indictment (Doc. 828).

4. Rivera-Gil pled guilty to a conspiracy charge on November 21, 2008, (see Doc. 902) but has not yet been sentenced.

5. He was placed on the stand outside the jury's presence so that the court could instruct the witness not to mention the suspicious death of Jaime Cardenas-Borbon's brother or the witness's opinion that Borbon has

committed a variety of prior opprobrious actions in accordance with a prior evidentiary ruling. The parties had requested such an instruction in light of the potentially prejudicial nature of the matters to be excluded from evidence.

6. Upon taking the stand, Rivera-Gil refused to testify but did not explain the reasons underlying his refusal. In light of Rivera-Gil's pending sentencing, it was unclear to the court and the parties whether he intended to invoke his Fifth Amendment privilege against self-incrimination. See Mitchell v. United States, 526 U.S. 314, 326 (1999).

7. On Monday, June 15, 2009, the government obtained approval from the Attorney General to extend immunity to Rivera-Gil in exchange for his testimony. (Doc. 1194.)

8. On Tuesday, June 16, 2009, Rivera-Gil was recalled to the witness stand—against outside the jury's presence—for the purpose of ascertaining his willingness to testify. He invoked his Fifth Amendment privilege, was granted immunity, and was ordered to respond to the government's questions.

9. Rivera-Gil again refused to testify.

10. The court held him in civil contempt and prescribed methods by which he could purge his contempt. (Doc. 1195.) The court informed Rivera-Gil that it would recall him at the close of evidence for the purpose of providing him a final opportunity to purge his contempt.

11. At the close of the government's case, the court again addressed the issue of Rivera-Gil's testimony. The parties and the court agreed that it was necessary to resolve all issue with his testimony at the close of the government's case to enable the court to consider the government's evidence *in toto* when ruling on defendant's motions for judgment of acquittal.

12. On the date hereof, the court recalled Rivera-Gil to the witness stand and explained that it was no longer possible to allow him to purge his contempt at the close of evidence and that he was under court order to offer testimony immediately.

13. The court further informed Rivera-Gil that he would receive no further opportunity to purge his civil contempt and that he would be held in criminal contempt if he failed to respond to government questioning and appropriate cross examination.

14. Rivera-Gil again refused to testify.

## **ORDER**

AND NOW, this 22ⁿᵈ day of June, 2009, upon consideration of the facts described in the foregoing paragraph, and it appearing that "the court . . . may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies," FED. R. CRIM. P. 42(b), and that summary criminal contempt may be imposed upon a witness who is currently imprisoned and who refuses to testify during a criminal trial, see Wilson, 421 U.S. at 314, 315 & n.6, it is hereby ORDERED that:

1. The undersigned CERTIFIES that the facts set forth in Paragraphs 1-14 occurred in the court's presence.

2. Gabriel Rivera-Gil is HELD in CRIMINAL CONTEMPT of court.

3. Gabriel Rivera-Gil is SENTENCED to a term of incarceration of six months for criminal contempt of court.

4. The sentence imposed by the preceding paragraph shall RUN CONSECUTIVELY to any other sentence Gabriel Rivera-Gil is currently serving.

/s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge